# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                        **Case No. 8:12-cr-245-T-27AAS**

**ALEXANDER SHEVGERT**

_____/

## <u>ORDER</u>

**BEFORE THE COURT** is correspondence from Defendant Shevgert, in which he seeks clarification on various matters and to vacate his convictions. (Dkts. 84, 85, 86, 87). No response is necessary. His correspondence seeking to vacate his convictions, construed as a motion under 28 U.S.C. § 2255, is **DISMISSED** (Dkt. 86), and his requests for clarification are **DENIED** (Dkts. 84, 85, 87).

Shevgert pleaded guilty to using a facility of interstate commerce with intent that a murder for hire be committed (Count One), and soliciting the commission of a crime of violence (Count Two) (Dkts. 1, 53). He was sentenced to 120 months imprisonment as to Count One and a consecutive term of 115 months as to Count Two. (Dkt. 59). He did not appeal. He filed a "Motion Relief from Judgment or Order [Federal Rule of Civil Procedure 60(b)(5) & (6)]," which was construed as a motion to vacate his convictions under 28 U.S.C. § 2255. (Dkts. 61, 63). Consistent with *Castro v. United States*, 540 U.S. 375 (2003), he was notified that a subsequent § 2255 motion would be subject to the restrictions on second or successive motions and was provided an opportunity to withdraw the motion. (Dkt. 63 at 3-4). Rather than withdraw the motion, Shevgert filed pleadings in which he argued that his construed § 2255 motion should be considered,

notwithstanding its apparent untimeliness. (Dkts. 67, 68, 72). His claims were denied as untimely, procedurally defaulted, and without merit. *See* Case No. 8:16-cv-1072-T-27AAS, ECF: 13 (M.D. Fla. May 14, 2019).

In his "Request for Facts Underlying Elements of Crimes of Conviction," Shevgert "request[s] an identification of the facts supporting selected elements of my crimes of conviction in this case," and "pray[s] for all available relief, including dismissal of one or both counts due to actual innocence and the lack of jurisdiction, considering the lack of a factual basis for the charges." (Dkt. 86 at 1, 7). Specifically, as to Count One, he contends that his Indictment and the stipulated factual basis do not reference "payment, a promise to pay, nor an agreement to pay anything of pecuniary value." (Id. at 2-3). And as to Count Two, he contends that the stipulated factual basis does not identify the crime of violence that he solicited another individual to commit. (Id. at 4-6).[1]

Because Shevgert seeks to vacate his convictions "due to actual innocence and the lack of jurisdiction, considering the lack of a factual basis for the charges," the motion is recharacterized as a § 2255 motion. *See Zamor v. United States*, 827 F. App'x 939, 945 (11th Cir. 2020) (citations omitted). Following notice and an opportunity to withdraw pursuant to *Castro*, his prior § 2255 motion was denied on the merits. Accordingly, without authorization from the Eleventh Circuit,

---

[1] At his change of plea hearing, Shevgert acknowledged that while he was incarcerated, he solicited other inmates to kill three individuals and had in-person meetings, phone calls, and email exchanges with an undercover detective posing as a hitman. (Dkt. 79 at 26-28). Shevgert further stipulated that

> As payment for the murders of the three individuals, [he] provided the hitman with detailed information regarding a friend of his identified herein as J.S., who Shevgert believed had a substantial amount of valuable personal property at his home. Shevgert instructed the hitman to commit a robbery of J.S. and to steal J.S.'s property and sell the stolen items in payment for the murders.

(Id. at 27-28).

this Court lacks jurisdiction to consider his second or successive motion, which is due to be dismissed. *See Barbary v. United States*, 769 F. App'x 888, 890 (11th Cir. 2019); *Boykin v. United States*, 592 F. App'x 809, 812 (11th Cir. 2014) (finding that denial of § 2255 motion as untimely renders subsequent motion second or successive).[2] Even if the motion is not recharacterized as a § 2255 motion and dismissed for lack of jurisdiction, it is unsupported by authority entitling him to relief and is due to be denied.

In other correspondence, Shevgert seeks clarification as to the identity of a purported speaker during his change of plea hearing. (Dkt. 84). The transcript's inclusion of the speaker appears to be a clerical error. *See* (Dkt. 79 at 1-2, 25-26). In any event, Shevgert does not specify the relief he seeks, and he provides no authority in support of his request for relief. Accordingly, the motion is denied.

Shevgert also observes that his judgment reflects that "the Court recommends to the Bureau of Prisons that [he] shall be subject to community control while incarcerated." (Dkt. 85); *see* (Dkt. 59 at 2); (Dkt. 58 at 1). He seeks clarification on the meaning of "subject to community control."[3] (Dkt. 85). However, he provides no authority in support of the proposition that, by way of a motion for clarification, this Court can interpret the meaning of language included in a judgment entered by a different judge. *See United States v. Garza-Mendez*, 735 F.3d 1284, 1287-88 (11th Cir. 2013) (rejecting order clarifying sentence because, among other things, it was not issued by the sentencing judge). And to the extent he seeks to challenge the execution of his sentence, such

---

[2] A certificate of appealability is not required to appeal the dismissal of a § 2255 motion as second or successive. *See United States v. Casado*, 819 F. App'x 788, 790 (11th Cir. 2020) (citations omitted).

[3] Shevgert asserts that the Bureau of Prisons "uses the term 'community custody' to mean Halfway House (RRC) or House Arrest/Home Confinement." (Dkt. 85); *see also Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239-40 (3d Cir. 2005) (explaining "community confinement" and related facilities).

challenges are properly raised in a § 2241 petition, which requires him to exhaust available administrative remedies before he can obtain relief. *See Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562-63 (11th Cir. 2016) (citations omitted). Accordingly, the motion is denied.[4]

## CONCLUSION

Defendant Shevgert's construed § 2255 motion (Dkt. 86) is **DISMISSED**, and his remaining motions (Dkts. 84, 85, 87) are **DENIED**.

**DONE AND ORDERED** this 4th day of May, 2021.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[4] Shevgert also filed correspondence in which he requests an update as to the status of his motions and information relating to his counsel's failure to request payment for services pursuant to the Criminal Justice Act. (Dkt. 87 at 1). In light of this order, the request for a status update is denied as moot, and the motion is otherwise denied due to Shevgert's failure to specify his requested relief and the authority supporting the request. He was previously notified that counsel "never submitted a CJA expense voucher and the clerk's records indicate no money was paid to [counsel]." (Dkt. 83 at 2). Although Shevgert requests information as to whether counsel failed to request payment for services as to other defendants and the practices of "other CJA lawyers in this Court," he cites no authority supporting his request for such disclosure. *See, e.g.*, 18 U.S.C. § 3006A(d)(4)(A) (noting that the "amounts *paid* . . . shall be made available to the public by the court *upon the court's approval of the payment*" (emphasis added)).