UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:12-cr-245-T-27AAS

ALEXANDER SHEVGERT
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Shevgert's "Request to Set Aside/Vacate Conviction/Sentence for Lesser Included Offense," construed as a motion under 28 U.S.C. § 2255. (Dkt. 89). No response is necessary. The construed § 2255 motion is **DISMISSED**.

As noted in the order dismissing his prior § 2255 motion, Shevgert stands convicted of using a facility of interstate commerce with intent that a murder for hire be committed (Count One), and soliciting the commission of a crime of violence (Count Two). (Dkt. 59); *see also* (Dkt. 88 at 1). He filed a "Motion Relief from Judgment or Order [Federal Rule of Civil Procedure 60(b)(5) & (6)]." (Dkt. 61). Consistent with *Castro v. United States*, 540 U.S. 375 (2003), he was notified that the motion would be recharacterized as a § 2255 motion, that future § 2255 motions would be subject to the restrictions on second or successive motions, and that he had an opportunity to withdraw the motion. (Dkt. 63 at 3-4). He did not withdraw the motion, which was denied as untimely and without merit. (Dkts. 67, 68, 72). *See* Case No. 8:16-cv-1072-T-27AAS, ECF: 13 (M.D. Fla. May 14, 2019). In his subsequent "Request for Facts Underlying Elements of Crimes of Conviction," he sought to vacate his convictions "due to actual innocence and the lack of

1

jurisdiction, considering the lack of a factual basis for the charges." (Dkt. 86 at 1, 7). The request was construed as a § 2255 motion and dismissed as second or successive. *See* (Dkt. 88).

Shevgert now requests that "this Court set aside or vacate his conviction and/or sentence for the lesser included offense (Count 2) of his principal charge (Count 1)." (Dkt. 89 at 1). Specifically, he contends that his "charges are identical – as are the underlying facts – except for the alleged payment as an additional Count One element," and that, under the double jeopardy clause, his conviction on the "greater/lesser included offense" cannot be sustained. (Id. at 2-3).

Because Shevgert seeks to vacate his convictions and set aside his sentence based on a constitutional challenge, the motion is recharacterized as a § 2255 motion. *See Zamor v. United States*, 827 F. App'x 939, 945 (11th Cir. 2020) (citations omitted). Following notice and an opportunity to withdraw pursuant to *Castro*, his original § 2255 motion was denied on the merits. Accordingly, without authorization from the Eleventh Circuit, this Court lacks jurisdiction to consider his successive motion, which is due to be dismissed. *See Barbary v. United States*, 769 F. App'x 888, 890 (11th Cir. 2019); *Boykin v. United States*, 592 F. App'x 809, 812 (11th Cir. 2014) (finding that denial of § 2255 motion as untimely renders subsequent motion second or successive).[1] The motion is otherwise denied.

In summary, Defendant Shevgert's construed § 2255 motion (Dkt. 89) is **DISMISSED**.

**DONE AND ORDERED** this 18th day of May, 2021.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record

---

[1] A certificate of appealability is not required to appeal the dismissal of a § 2255 motion as second or successive. *See United States v. Casado*, 819 F. App'x 788, 790 (11th Cir. 2020) (citations omitted).